IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWANA MURPHY | : | |
| 1819 Georges Lane | : | Civil Action No. _____ |
| Philadelphia, PA 19131 | : | |
| Plaintiff | : | Jury Demand Requested |
| v. | : | |
| | : | |
| CAPTAIN DAVID YOUNG | : | |
| Commanding Officer Troop K | : | |
| Philadelphia, PA | : | |
| | : | |
| and | : | |
| | : | |
| Lt. GARY DANCE | : | |
| Assistant Disciplinary Officer | : | |
| Troop K | : | |
| Philadelphia, PA | : | |
| | : | |
| and | : | |
| | : | |
| CORPORAL JAMES HEIN | : | |
| Troop K | : | |
| Philadelphia, PA | : | |
| Defendants | : | |

**COMPLAINT**
**I. INTRODUCTION**

1.      This is a civil rights action brought by the plaintiff, Antwana Murphy under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and is based on the defendants violating plaintiff's due process and equal protection rights under the 14th Amendment of the U.S. Constitution.  The plaintiff seeks injunctive and declaratory relief, damages, and attorney's fees to redress her claims.

## II. JURISDICTION AND VENUE

2. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 1983. Venue is based on 28 U.S.C. Section 1391(b). The plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania.

## III. PARTIES

3. Plaintiff, Antwana Murphy, is a resident of Philadelphia, Pennsylvania living at 1819 and was at all times relevant to this complaint a Pennsylvania State Trooper.

4. Defendant, Captain David F. Young, was at all times relevant to this action a supervisor for the Pennsylvania State Police and was acting as an agent, servant, and/or employee of the Commonwealth of Pennsylvania.

5. Defendant, Lieutenant Gary Dance, was at all times relevant to this action a police officer for the Pennsylvania State Police, and was acting as an agent, servant and employee of the Commonwealth of Pennsylvania.

6. Defendant, Corporal James Hein, was at all times relevant to this action a police officer for the Pennsylvania State Police, and was acting as an agent, servant and employee of the Commonwealth of Pennsylvania

## IV. FACTUAL ALLEGATIONS

7. The averments set forth in all preceding paragraphs, inclusive, are incorporated herein by reference.

8. On or about January 6, 2007, plaintiff and her live in boyfriend, John C. McMillon, were looking at homes for sale in the Abington section of Montgomery County.

9. Plaintiff fell asleep and Mr. McMillon drove to a Radio Shack store which he entered and took several mp3 players without paying for them.

10. As Mr. McMillon attempted to get away in plaintiff's car he was apprehended by police.

11. During the stop plaintiff was awakened by the activity and learned of the accusations against Mr. McMillon from the police.

12, Plaintiff also learned from the police that Mr. McMillon had a criminal record stemming from a conviction when he was 18 years old.

13. Although plaintiff was not implicated in the theft of the items from the Radio Shack, the Jenkintown police notified the Pennsylvania State Police of the incident and the relationship between plaintiff and Mr. McMillon.

14. During an investigation by the Pennsylvania State Police, plaintiff informed her employer that she was not aware of Mr. McMillon's criminal past, that they had been living together for three years with each other's children, and that she was currently three months pregnant by him.

15. On August 2, 2007, plaintiff received an order signed by defendant, Captain David Young telling her to discontinue her relationship with Mr. McMillon.

16. As a result of receiving this disciplinary order, plaintiff filed a grievance on

August 10, 2007.

17. The Commonwealth took the position that the order to plaintiff requiring her to terminate her relationship was not a disciplinary action, therefore, the matter was not subject to the grievance procedure.

18. According to a collective bargaining agreement the question of whether the matter was subject to the grievance procedure would have to be resolved by arbitration.

19. The action of the Commonwealth delayed plaintiff's grievance but in the meantime, plaintiff refused to comply with the order and was informed by defendant, Lieutenant Gary Dance that if she did not terminate her relationship with Mr. McMillon immediately she would receive a court martial.

20. The relationship was not terminated and defendant, Gary Dance recommended that plaintiff be disciplined and with the approval of defendant, Captain Young plaintiff was suspended for thirty (30) days without pay on January 10, 2008.

21. Plaintiff subsequently filed a second grievance through her union on January 21, 2008.

22. On January 28, 2008, plaintiff's initial grievance was held to be arbitrable and subject to the grievance procedure, however, plaintiff did not learn of the ruling until April 24, 2008.

23. Plaintiff now waited for her grievance and continuously contacted her union representative to see when the hearing would be scheduled.

24.     On June 17, 2008, plaintiff was summoned to an interrogation room where defendant, Corporal James Hein with the approval of Captain Young told her that if she did not resign she would be court martialed and lose all of her benefits.

25.     Plaintiff, who was pregnant at the time, fearing for the loss of her medical benefits capitulated to Hein's threats and submitted her resignation.

26.     Had plaintiff been allowed to pursue her grievances she would have presented evidence that two white females, Amy Mateyak and Lisa Christie were in relationships with individuals who had criminal histories and were not terminated or disciplined with the knowledge of all defendants.

## COUNT I
### Antwana Murphy v. Captain David F. Young
### 42 U.S.C. § 1983

27.     Plaintiff avers and incorporate by reference all the preceding paragraphs as though fully set forth below.

28.     At all times relevant to this action, defendant, Captain David Young was a police officer for the Pennsylvania State Police serving in a supervisory position.

29.     The actions of defendant, Captain David Young, acting under color of law, deprived plaintiff of her right to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution.

**WHEREFORE**, Plaintiff request judgment in her favor and against the defendant, compensatory damages in an amount in excess of $150,000.00, reasonable attorney fees, costs, and such other relief as appears reasonable and just.

## COUNT II
### Antwana Murphy v. Lieutenant Gary Dance
### 42 U.S.C. § 1983

30. Plaintiff avers and incorporate by reference all the preceding paragraphs as though fully set forth below.

31. At all times relevant to this action, defendant, Lt. Gary Dance was a police officer for the Pennsylvania State Police serving as a disciplinary officer.

32. The actions of defendant, Lt. Gary Dancer, acting under color of law, deprived plaintiff of her right to due process and equal protection under the U.S. Constitution.

**WHEREFORE**, Plaintiff request judgment in her favor and against the defendant, compensatory damages in an amount in excess of $150,000.00, reasonable attorney fees, costs, and such other relief as appears reasonable and just.

## COUNT III
### Antwana Murphy v. Cpl. James Hein
### 42 U.S.C. § 1983

33.     Plaintiff avers and incorporate by reference all the preceding paragraphs as though fully set forth below.

34.     At all times relevant to this action, defendant, Cpl. James Hein was a police officer for the Pennsylvania State Police. serving as a disciplinary officer.

35.     The actions of defendant, Cpl. James Hein acting under color of law, deprived plaintiff of her right to due process and equal protection under the U.S. Constitution.

**WHEREFORE**, Plaintiff request judgment in her favor and against the defendant, compensatory damages in an amount in excess of $150,000.00, reasonable attorney fees, costs, and such other relief as appears reasonable and just.

## COUNT IV
### Antwana Murphy v. All Defendants
### Constructive Discharge

36.     Plaintiff avers and incorporate by reference all the preceding paragraphs as though fully set forth below.

37.     With the constant threats of termination by defendants Dance and Hein

directed toward the plaintiff with the approval of defendant Young, particularly when given the choice between resigning or court martial, plaintiff was compelled to leave her position with the Pennsylvania State Police.

**WHEREFORE**, Plaintiff request judgment in her favor and against the defendant, compensatory damages in an amount in excess of $150,000.00, reasonable attorney fees, costs, and such other relief as appears reasonable and just.

BY:_____
Kenneth S. Robinson, Esquire
Counsel for Plaintiff
Attorney ID# 35575
Two Penn Center - Ste. 200
Philadelphia, PA 19102
(215)854-6331

Date: June 17, 2010